*Formatted for Electronic Distribution*                                           Not For Publication

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
09/27/06

_____

**In re:**

**SHARON M. SWEENEY,**                                    Chapter 13 Case
                    Debtor.                                # 05-12315

_____

**WILLIAM SWEENEY,**                                      Adversary Proceeding
                    Plaintiff                              # 05-1068

    v.

**SHARON M. SWEENEY,**
            Debtor/Defendant.

_____

*Appearances:*    Gregg M. Meyer                David R. Edwards
                  Kohn Rath & Meyer LLP         Burlington, Vt.
                  Hinesburg, Vt.                *For the Debtor/Defendant*
                  *For the Plaintiff*

**MEMORANDUM OF DECISION**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

William Sweeney (the "Plaintiff"), initiated the instant adversary proceeding against Sharon Sweeney (the "Debtor" or "Defendant") to determine the dischargeability of the Defendant's obligations under a family court final order and decree. See doc. # 1. The Plaintiff filed a motion for summary judgment (doc. # 18) setting forth two grounds for relief.  First, the Plaintiff asserts that the Defendant holds the Plaintiff's one-half interest in the Parties' marital residence (the "Marital Residence"[1]), and his one-half interest in the proceeds the Defendant received from the sale of a portion of the Marital Residence, in a constructive trust.  Therefore, the Plaintiff argues, the obligation the Debtor owes to him does not constitute a "debt," never became property of the Debtor's estate, and is not subject to discharge. The Plaintiff's second, alternative argument is that if the Defendant does owe a debt to the Plaintiff, it arose in connection with the divorce, because of Defendant's sale of Plaintiff's interest in the Marital Residence without his consent, and Defendant's refusal to pay him his share of the proceeds from that sale, and this constitutes grounds for excepting the debt from discharge pursuant to § 523(a)(4) or (15).[2]

---

[1] As used throughout, "Marital Residence" is defined to include subdivided Lot 1 with the home, as well as Lots 2 and 3, unless otherwise indicated.

[2] Unless otherwise indicated, all statutory references are to the Title 11 U.S. Code (the "Bankruptcy Code").  Since the Defendant filed a chapter 7 petition on October 15, 2005, all statutory references are to the U.S. Bankruptcy Code in effect as of October 15, 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act.

The Defendant filed an opposition to the Plaintiff's motion for summary judgment (doc. # 19). Since this opposition includes a recitation, "In this case there is no genuine issue of material fact, as set forth in the attached Statement of Undisputed Facts, therefore this case is appropriate for summary judgment" (doc. # 19, at 2), the Court will treat the Debtor's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment as a cross motion for summary judgment.

For the reasons set forth below, the Court grants the Plaintiff's motion for summary judgment and denies the Defendant's cross motion for summary judgment.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motions for summary judgment under 28 U.S.C. §§ 157(b)(2)(I) and (O).

## THE MATERIAL FACTS

Pursuant to the local rules of this Court, all material facts in a movant's statement of uncontested material facts are "deemed to be admitted unless controverted by a statement of disputed material facts filed by the opposing party." See Vt. LBR 7056-1(a)(3). Here, the Defendant controverts or opposes none of the material facts set forth in the Plaintiff's Statement of Uncontested Material Facts (doc. # 17). Rather, she filed her own Proposed Statement of Facts (doc. # 25), that concludes with a statement in which she opposes some entries by the Plaintiff which she perceives to be conclusions of law, and disputes the Plaintiff's assertion that he did not have notice of the sale. The few facts the Debtor opposes are not material for the decision at hand. From careful review of the statements filed by the Parties, the Court finds the following facts to be material and undisputed.

This adversary proceeding arises out of a chapter 7 case the Defendant filed on October 15, 2005 (doc. # 25, ¶ 1). The Parties were divorced in August, 1998 (doc # 17, ¶ 1). The Defendant listed the Plaintiff in her schedule F, based upon the Addison Family Court divorce order that obligated the Defendant to pay the Plaintiff a share of the equity in the parties' Marital Residence upon sale (doc. # 25, ¶ 2). The Final Divorce Stipulation states the "[Defendant] will live in the home….until [the Plaintiff] and [the Defendant] agree to sell or until it is necessary to sell for lack of payment….If the house goes up for sale, [the Plaintiff] will receive half that amount" (doc. # 17, Ex. 1). The Final Divorce Order and Decree contains different language; it states "the [Defendant] shall reside at the real estate….If the property is sold the [Defendant] shall pay to the [Plaintiff] one half of the amount" (doc # 17, Ex. 1). The Final Divorce Order and Decree incorporated the Final Divorce Stipulation (doc. # 17, Ex. 1, ¶ 9). During the marriage, the Defendant was record owner of the Marital Residence (doc. # 25, ¶ 4). However, the Plaintiff joined the Defendant in giving a mortgage to Direct Financial Services, Inc. on August 23, 1995, and the Plaintiff continues to be liable on the mortgage following the divorce (doc. # 17, Ex. 3).

2

On December 18, 2003, the Defendant applied to the Starksboro Planning Commission (the "Commission") for a three lot subdivision of the Marital Residence (doc. # 17, Ex. 4). In a letter dated February 10, 2004, the Commission approved the application. Id. In March, 2004, the Defendant sold the two vacant parcels for $41,000 each (doc. # 17, Exs. 6, 7). The Defendant continues to live in the home on Lot # 1 of the Marital Residence (doc. # 17, ¶ 15). The Plaintiff has not paid any money toward the cost of the subdivision, sale of the lots, or taxes due in connection with the sale (doc. # 25, ¶ 14), and he has not received any proceeds from the sale (doc. # 17, ¶ 11).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

## DISCUSSION

The Defendant argues that the Plaintiff is not entitled to relief because he has not proven the debt at issue, as his claim arises "from a poorly crafted decree [and stipulation] with vague terms" (doc. #19, at 4). The Court finds this argument to be without merit. While admittedly, these two documents use different nouns to describe the Martial Residence the Parties own, the determination is identical in both, and based upon the facts of this case, as well as basic understanding of the English language, no genuine ambiguity exists. Both the Divorce Stipulation and Order entitle the Plaintiff to one-half interest of the Marital Residence and one-half of the sale proceeds derived from the Marital Residence. The Parties' Final Divorce Stipulation states:

3

> Marital Home: [The Defendant] will live in *the home* [with child] until [the Plaintiff] and [the Defendant] agree to sell or until it is necessary to sell for lack of payment….If *the house* goes up for sale, [the Plaintiff] will receive half that amount

(doc. # 17, Ex. 1). (emphasis added). The Addison Family Court Final Divorce Order and Decree of that same date states:

> 6. Real Property: The court orders that [the Defendant] shall reside at the *real estate located at Big Hollow Road in Starksboro, VT* and shall be responsible for all costs related to the property. If *the property* is sold the [Defendant] shall pay to the [Plaintiff] one half of the amount

(doc # 17, Ex. 1). (emphasis added). The Final Divorce Order and Decree incorporates the Final Divorce Stipulation (doc. # 17, Ex. 1, ¶ 9). The Court finds that whether referring to home, house or property, it is clear the state court and both Parties knew the subject was the real estate on Hollow Road in Starksboro. Hence, the Court finds the obligation in dispute is identifiable and subject to interpretation by this Court.

Plaintiff argues that because the family court divided the Marital Residence equally between the Plaintiff and Defendant and left title and possession of the fee with the Defendant, the Defendant's obligation to turn over to the Plaintiff the proceeds of his one-half interest in the Marital Residence is not a dischargeable "debt," but rather a property interest that the Defendant held in constructive trust. He asserts under this theory that (1) neither his interest in the Marital Residence, nor the proceeds from the sale of a portion of his interest in the Marital Residence, became part of the Debtor's bankruptcy estate; and (2) the Defendant was required to act as trustee for the Plaintiff vis a vis the Marital Residence, under the constructive trust the family court had, in effect, created.

Vermont has long recognized the doctrine of constructive trusts. "It is a familiar principle in equity that a trust is implied whenever the circumstances are such that the person taking the legal estate, whether by fraud or otherwise, cannot enjoy the beneficial interest without violating the rules of honesty and fair dealing." Miller v. Belville, 98 Vt. 243, 245 (1924). See also Superintendent of Ins. State of New York v. Ochs, 377 F. 3d 209 (2d Cir. 2004). This Court is not bound to find that any particular set of facts requires the imposition of a constructive trust. Rather "the forms and varieties of these constructive trusts are practically unlimited….[and] [t]hey arise whenever a title is acquired through a confidence that has been abused." Miller, 98 Vt. at 246. Miller further states:

> equity turns the holder of the title into a trustee ex maleficio, in order 'to get at [the defendant].' The trust is declared in order that the court may lay its hands upon the property and wrest it from the wrongdoer. The broad principle of natural justice contained in this doctrine is obvious to every honest mind. It should be the policy of the law to extend rather than limit its application.

Id. See also Restatement (Second) of Trusts §§ 2, 23 (1959).

4

The Defendant states that "prior to the divorce [the Defendant] was the record owner of the [M]arital [Residence]" (doc. # 25, ¶ 4). The Plaintiff does not dispute this fact. However, it is a long held tenet of bankruptcy law that property rights are decided by state law. Butner v. United States, 440 U.S. 48, 55-56 (1979). In the context of divorce cases, Vermont family courts are given jurisdiction to fashion property settlements between former spouses. In re Forant, 331 B.R. 151, 156 (Bankr. Vt. 2004). In Forant, this Court held:

> [A] divorce proceeding under Vermont law sweeps every asset…into a marital estate, and then redistributes the property of that estate to the divorced parties. A divorce estate contains all the parties' property, no matter how the parties acquired them, with the caveat that *actual title is immaterial*. The nature of the process interrupts the chain of title. Upon entering the divorce decree, the family court extinguishe[s] the marital interest each party had in the marital estate, and redistribute[s] the property, creating new interests in place of the old.

Id. (emphasis added).

While the family court granted the Defendant possession of the Plaintiff's interest in the Marital Residence, it did not convey full ownership of the property. One-half of the Marital Residence, including one-half of the proceeds from any sale thereof, is the property of the Plaintiff. Under Vermont law, the Defendant held them in constructive trust for the Plaintiff and they never entered the Defendant's bankruptcy estate. Moreover, the Defendant continues to hold the Plaintiff's one-half interest in trust with regard to that portion of the Marital Residence that has not been sold and there is no "debt" with regard to that property interest. Interestingly, courts construing the law of other states have also held that similar pre-petition divorce decrees create constructive trusts. See e.g., In re Reider, 177 B.R. 412, 415 (Bankr. D. Me 1984); In re DeLauro, 207 B.R. 412, 415 (Bankr. N.J. 1997); In re McGraw, 176 B.R. 149, 152 (Bankr. S.D. Ohio 1994).

However, the analysis does not end here. Unlike Forant and most other cases that have addressed similar divorce – bankruptcy property issues, here the question goes beyond the nature of the interest created by the pre-petition divorce decree, to encompass the impact of the non-debtor spouse's sale of property that the Debtor was to have been holding in trust. Although the Plaintiff's interest in the Marital Residence (and any proceeds thereof) was outside the bankruptcy estate, by virtue of the constructive trust created by the divorce decree, the Defendant's failure to deliver to the Plaintiff his share of the proceeds from a sale of a portion of his interest in the Marital Residence gave rise to a debt in the bankruptcy case.

There is no dispute that the Defendant sold a portion of the Plaintiff's one-half interest in the Marital Residence without Plaintiff's consent, or that the Defendant has not turned over to the Plaintiff his share of the proceeds from that sale. Hence, the Defendant does owe the Plaintiff a sum certain that represents one-half of the net proceeds from that sale. The Court therefore must determine whether this debt is excepted from discharge.

5

In light of these undisputed material facts, and the Court's finding herein that the Defendant was holding the Plaintiff's interest in the Marital Residence as a constructive trustee, the Court finds the Defendant's sale of the Plaintiff's interest, and her failure to give the Plaintiff his pro rata share of the net proceeds, to constitute a fraud or defalcation by the Defendant while she was acting in a fiduciary capacity. Accordingly, the Court finds that the debt the Defendant owes to the Plaintiff as a result of this sale is excepted from discharge under §523(a)(4). See In re Hayes, 183 F.3d 162 (2d Cir. 1999). See also, In re Eberhart, 283 B.R. 97 (Bankr. D. Conn. 2002), aff'd, No 03-5073, 124 Fed. Appx. 672, at 674 (2d Cir. Feb. 17, 2005).

The amount of the debt is not discernible based upon the present record before the Court, as there is no evidence as to the costs of the subdivision, the costs of sale, the computation of gross and net proceeds, or the Plaintiff's right to interest and/or attorney's fees. Therefore, the Court makes no finding at this time as to the amount of the debt in question, only that it is excepted from discharge.

Since the Court has found that the debt the Defendant owes to Plaintiff arising from the sale of his one-half interest in a portion of the Marital Residence is excepted from discharge under § 523(a)(4), the Court finds it is unnecessary to address the Parties' § 523(a)(15) arguments.

## CONCLUSION

Procedurally, the Court finds there are no material facts in dispute and summary judgment is therefore proper. On the merits, the Court finds that the Defendant held the Plaintiff's one-half interest in the Marital Residence including the proceeds from the sale of the subdivided lots of the Marital Residence in constructive trust; that the Plaintiff's one-half interest in the Marital Residence was not part of the Defendant's bankruptcy estate; that upon the Defendant's sale of a portion of the Marital Residence the Defendant became indebted to the Plaintiff in an amount equal to one-half of the net proceeds; that the Defendant's failure to pay over one-half of the net proceeds from the sale of a portion of the Marital Residence constitutes a defalcation while acting as a fiduciary; and hence, the Defendant owes the Plaintiff a debt that was incurred through circumstances that warrant excepting it from discharge.

Based upon these findings, the Court determines that the Defendant owes the Plaintiff one-half of the net proceeds from her sale of a portion of the Marital Residence and that this debt is excepted from discharge pursuant to § 523(a)(4). Therefore, the Court finds the Plaintiff's is entitled to judgment as a matter of law and grants the Plaintiff's motion for summary judgment and denies the Defendant's motion for summary judgment.

This constitutes the Court's findings of fact and conclusions of law.

The Court will enter a scheduling order establishing a procedure for determining the value of the Plaintiff's one-half interest in the entire Marital Residence, the value of his one-half interest in the portion of the Marital Residence which the Defendant sold, the gross amount of the debt which the Defendant owes to the Plaintiff as a result of this sale, the Plaintiff's pro-rata share of the sale costs, the applicable rate of interest on this debt, whether the Plaintiff is entitled to reasonable attorney's fees, and the total amount of the debt the Plaintiff owes to the Defendant in connection with the Marital Residence that is the subject of this adversary proceeding.

_____

September 27, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

7